IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| DOMINIQUE ARMANI JOHNSON, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>) | Criminal Case No. 1:12-cr-411<br>Civil Case No. 1:13-cv-1540 |

## Memorandum Opinion

THIS MATTER comes before the Court on Petitioner Dominique Armani Johnson's ("Petitioner") Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255.

On September 28, 2012, Petitioner pleaded guilty to a one-count information charging him with possession of a firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c). At the plea hearing, Petitioner was placed under oath, and this Court reminded Petitioner that any false answers could subject to him to a charge of perjury. During the colloquy, Petitioner acknowledged that there was a factual basis for his conviction and he made no claim of innocence. Petitioner stated that he was satisfied with his attorney's representation. When asked if anyone had made any promises or threats to induce him to plead guilty, Petitioner said, "No." Both the written

plea agreement and the plea colloquy reflected the fact that Petitioner faced a mandatory minimum sentence of a five years and a maximum sentence of life.

The written plea agreement, which Petitioner acknowledged under oath that he had reviewed it with his attorney, does not include any indication that Respondent would file a motion to reduce Petitioner's sentence. Rather, the agreement states that Respondent had the "sole discretion" to move for a sentence reduction. Petitioner's attorney, Kimberly Phillips, filed a notarized affidavit on March 4, 2014, with the Court affirming these facts. In the affidavit, Ms. Phillips stated that "[a]t no time was Mr. Johnson promised a sentencing reduction by either me or the Government in exchange for his guilty plea."

On December 14, 2012, this Court issued Petitioner a below the guidelines sentence of eighty-four months in prison followed by a five-year term of supervised release. This Court entered the judgment order on December 20, 2012. On December 17, 2013, Petitioner filed the instant § 2255 motion, raising four grounds for relief: (1) ineffective assistance of counsel because his attorney allegedly advised him that the government would file a Rule 35(b) motion to reduce his sentence; (2) that his plea was involuntary and unknowing because of this advice; (3) that the Respondent breached its promise to file a Rule 35(b) motion; and (4) that his counsel was ineffective post-sentencing because she

failed to provide him the necessary documentation for his § 2255 motion.

28 U.S.C. § 2255 may be used to challenge a sentence or conviction on the grounds that it was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; see also Hill v. United States, 368 U.S. 424, 426-27 (1962). The petitioner bears the burden of proving the grounds for relief by a preponderance of the evidence. Vanater v. Boles, 377 F.2d 898, 900 (4th Cir. 1967); Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958).

In his first ground for relief, Petitioner asserts that he received ineffective assistance of counsel. The Court finds that this claim is without merit. The Supreme Court in Strickland v. Washington, 466 U.S. 668, 687 (1984), established a two-part test for evaluating ineffective assistance of counsel claims: (1) counsel's performance was objectively unreasonable; (2) the deficient performance prejudiced the defense. Id. at 687-88. An ineffective assistance of counsel claim will fail if petitioner cannot make the required showing of either deficient performance or sufficient prejudice. Id. at 700.

For the first prong of the test, objective reasonableness is "simply reasonableness under prevailing professional norms" regarding the representation. Id. at 688. There is a strong presumption that counsel rendered adequate assistance and made all significant decisions with reasonable professional judgment. Id. at 689-90; see, e.g., United States v. Terry, 366 F.3d 312, 316-18 (4th Cir. 2004). Review of counsel's performance must be comprehensive and not narrowly limited to counsel's failings in determining whether the presumption of adequate assistance has been overcome, Strickland, 466 U.S. at 691, and courts should be reluctant to second guess the tactics of trial lawyers. Goodson v. United States, 564 F.2d 1071, 1072 (4th Cir. 1997).

For the second prong of the test, a petitioner must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 669. In the context of plea bargaining, a petitioner must show that "the outcome of the plea process would have been different with competent advice." Lafler v. Cooper, 132 S. Ct. 1376, 1384 (2012).

Here, Petitioner cannot satisfy his burden on either prong for his ineffective assistance of counsel claims. Petitioner's first claim that his attorney advised him that Respondent would file a Rule 35(b) motion to reduce his sentence in exchange for pleading guilty is directly contradicted by the record. The plea

4

colloquy, the written plea agreement, and the affidavit from Petitioner's counsel all contradict his claim that Respondent would file a Rule 35(b) motion asking for a reduced sentence. Furthermore, Petitioner himself acknowledged in court and under oath that the plea documents contained the entirety of his plea agreement with Respondent and that no promise had been made to induce him to plead guilty. Thus, the record does not support Petitioner's version of the facts.

Even if he had been misinformed, Petitioner still cannot prove prejudice. Petitioner's only alternative to a guilty plea was going to trial. Yet, nowhere in his petition does Petitioner argue that he would have gone to trial had he known Respondent would not file a Rule 35(b) motion to reduce his sentence. Thus, Petitioner had failed to meet his burden on his first claim of ineffective assistance of counsel.

In his second ground for relief, Petitioner argues that his plea was involuntary and unknowing. This Court finds that this claim is also without merit. Among other things, a plea colloquy should make the defendant aware of the charge he is pleading to, the possible punishment he faces, and the rights he is giving up by pleading guilty. Fed. R. Crim. P. 11. Unless an error affects the "substantial rights" of a defendant, the error is harmless. See Fed. R. Crim. P. 11(h). Absent clear and convincing evidence to the contrary, the defendant is bound by the representations

5

he makes under oath. Fields v. Att'y Gen. of State of Md., 956 F.2d 1290, 1299 (4th Cir. 1992).

Here, in the plea colloquy, Petitioner acknowledged that there was a factual basis for his conviction; that he understood he was waiving certain constitutional rights by pleading guilty; that he had reviewed the agreement with his attorney; that he faced a mandatory minimum sentence of five years imprisonment; and that no promises had been made by anyone to induce him to plead guilty. All of these facts indicate that Petitioner's plea was voluntarily and knowingly entered. Moreover, Petitioner does not provide any particular allegations or credible evidence to support his argument that Respondent promised to file a Rule 35(b) motion to reduce his sentence. Thus, Petitioner has failed to meet his burden of proving with clear and convincing evidence that his representations under oath were anything other than true.

In his third ground for relief, Petitioner argues that the Respondent breached its promise to file a Rule 35(b) motion. For the reasons already stated above, Petitioner has failed to prove with a preponderance of evidence that Respondent ever made such a promise. As noted above, the written plea agreement itself made clear that the decision to file a Rule 35(b) motion to reduce Petitioner's sentence was in the "sole discretion" of Respondent. Petitioner acknowledged that he had reviewed the

written agreement, and it contained the entire agreement he had with Respondent. Thus, this Court finds this ground for relief to be without merit.

In his fourth ground for relief, Petitioner argues that his attorney provided ineffective assistance because she failed to provide him with the documents needed to file a § 2255 motion. This claim is without merit because there is no constitutional right to counsel for filing a § 2255 motion. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987) (holding that there is no right to an attorney when making a collateral attack to a conviction).

For the foregoing reasons, this Court finds that all four of the grounds Petitioner argues for granting his § 2255 motion lack merit. Therefore, Petitioner's motion is DENIED.

An appropriate order shall issue.

/s/ Claude M. Hilton
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
March _10_, 2017

7